12-1369-cv
Llanos v. Brookdale Univ. Hosp. & Med. Ctr.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges,
          JANE A. RESTANI,
                    Judge.*

- - - - - - - - - - - - - - - - - - - -x

RICARDO LLANOS,
                    Plaintiff-Appellant,

          -v-                                    12-1369-cv

THE BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, SODEXHO MARRIOT HEALTH
CARE SERVICES, SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL 1199 AFL-CIO,
                    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Regina Felton, Felton & Associates, Brooklyn, New York.

FOR DEFENDANT-APPELLEE          Arjay G. Yao, Steven M. Berlin,
BROOKDALE UNIVERSITY            Martin Clearwater & Bell LLP, New
HOSPITAL AND MEDICAL            York, New York.
CENTER:

FOR DEFENDANT-APPELLEE          Stanley L. Goodman, Donia F.
SODEXHO MARRIOT HEALTH          Sawwan, Fox Rothschild LLP, New
CARE SERVICES:                  York, New York.

---

*     The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLEE      Richard Dorn, Levy Ratner, P.C.,
SERVICE EMPLOYEES          New York, New York.
INTERNATIONAL UNION
LOCAL 1199 AFL-CIO:

Appeal from the United States District Court for the Eastern District of New York (Irizarry, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ricardo Llanos appeals from a judgment entered March 14, 2012, dismissing his amended complaint for failure to state a claim.  In a memorandum and order filed March 11, 2012, the district court dismissed Llanos's claims that (1) he was wrongfully discharged by defendant-appellee Brookdale University Hospital and Medical Center ("Brookdale"), in violation of the collective bargaining agreement (the "CBA"); (2) defendant-appellee Service Employees International Union Local 1199 AFL-CIO ("Local 1199") breached its duty of fair representation by failing to properly represent him in the grievance process; and (3) his civil rights were violated.  On appeal, Llanos argues that the district court erred in dismissing his claims.  We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

On appeal from a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), we review <u>de novo</u> whether the complaint "'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  <u>Gibbons v. Malone</u>, 703 F.3d 595, 599 (2d Cir. 2013) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

- 2 -

First, Llanos has failed to plausibly plead that Brookdale breached the CBA.[1] Even assuming the CBA prohibited Brookdale from delegating its discretion to fire employees for cause to defendant-appellee Sodexho Marriot Health Care Services ("Sodexho") -- a point on which the CBA is silent -- Brookdale implicitly ratified Sodexho's decision, retroactively making the decision to terminate its own.  See Hamm v. United States, 483 F.3d 135, 140 (2d Cir. 2007) ("'Ratification is the affirmance by a person of a prior act which did not bind him . . . whereby the act, as to some or all persons, is given effect as if originally authorized by him.'" (quoting Restatement (Second) of Agency § 82 (1958))).  While Llanos alleges that Sodexho employee Peter Ortiz falsely accused him of urinating in public, he does not allege that such conduct would be insufficient "cause" for termination, nor does he allege that Local 1199 failed to contest Ortiz's factual allegations in the grievance proceedings.  He only alleges that Local 1199 failed to raise the legal argument that Ortiz, as a Sodexho employee, could not exercise Brookdale's authority to fire him.  Thus, the only plausible inference is

---

[1]     Because Llanos did not exhaust all of the grievance and arbitration remedies available to him in the CBA, he actually pled his claim as a "hybrid" claim -- alleging both Brookdale's violation of the CBA, in violation of the Labor Management Relations Act § 301, 29 U.S.C. § 185, and the union's breach of its duty of fair representation, in violation of the National Labor Relations Act § 9(a), 29 U.S.C. § 159(a).  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983); White v. White Rose Food, 237 F.3d 174, 178-79 & n.3 (2d Cir. 2001). Because, as explained below, both of the underlying claims fail on their own merits, the hybrid claim also fails.  See DelCostello, 462 U.S. at 164 ("[T]he two claims are inextricably interdependent." (citation and internal quotation marks omitted)).

that Local 1199 did contest Ortiz's allegations in the grievance proceedings and both appeals boards found them to be credible.

Second, Llanos's complaint does not plausibly plead a claim for breach of Local 1199's duty of fair representation. To prove a breach of the duty of fair representation, the plaintiff must show that (1) the union engaged in arbitrary, discriminatory, or bad faith conduct, and (2) the conduct caused plaintiff's injuries. See White v. White Rose Food, 237 F.3d 174, 179 (2d Cir. 2001). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." Id. (internal quotation marks, citation, and alteration omitted). "A showing of bad faith requires a showing of fraudulent, deceitful, or dishonest action." Id. (internal quotation marks, citation, and alteration omitted). Because the complaint does not plausibly allege a breach of the CBA, we conclude that the complaint also fails to allege that Local 1199 acted arbitrarily or in bad faith by declining to pursue a meritless legal argument.

Finally, Llanos raised an unspecified civil rights claim in his amended complaint, and he appears to argue, for the first time on appeal, that this was an age discrimination claim. This argument is waived because it was never raised before the district court. See In re Nortel Networks Corp. Secs. Litig., 539 F.3d 129, 132 (2d Cir. 2008) (per curiam). Even if we were to consider it, this claim would fail on the merits because the

complaint fails to plead any facts giving rise to a plausible inference of discrimination.

We have considered Llanos's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk